UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING AS MOOT PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [14]

## I. Introduction

Before the Court are a habeas corpus petition and an ex parte application for a temporary restraining order ("TRO"), both filed by Petitioner Emma Marcela Crespin De Paz. Respondents Kristi Noem, et al. oppose both the petition and TRO on jurisdictional and substantive grounds. For the following reasons, the habeas petition is GRANTED to the extent it seeks an order compelling a prompt bond hearing before an immigration judge.

## II. Background

Petitioner is a citizen and native of Guatemala, who has resided in Los Angeles, California since 1999. (ECF No. 1 "Pet." Ex. A; Pet. ¶ 1). On or about June 25, 2025, Petitioner was apprehended by immigration authorities and charged with having entered the United States without inspection and admission. (Pet. ¶ 1; Pet ¶ 3); 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner has been detained since her apprehension, and she is currently held at the Adelanto detention center pending a removal hearing. (Pet. ¶ 2). On July 21, 2025, having been denied a bond hearing for lack of jurisdiction, (ECF No. 9 at 4),

:

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|
| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* | | |

Petitioner filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.). In simple terms, Petitioner claims:

1. The denial of a bond hearing was unlawful under 8 U.S.C. § 1226(a). (Pet. ¶¶ 45-47).
2. Respondent violated the Administrative Procedures Act by subjecting Petitioner to mandatory detention under 8 U.S.C § 1225(b)(2). (Pet. ¶¶ 48-50).
3. Respondents deprived Petitioner of her right to procedural due process by denying her a bond hearing under § 1226(a) and subjecting her to mandatory detention under § 1225(b)(2)(a). (Pet. ¶¶ 51-54).

On August 13, Respondents answered. (ECF No. 7 "Ans."). In simple terms, Respondents contend:
1. This Court lacks jurisdiction to rule on the petition under 8 U.S.C. § 1252. (Ans. at 4-8).
2. Petitioner is properly held without a bond hearing under the plain language of 8 U.S.C § 1225(b)(1) and 8 U.S.C § 1225(b)(2). (Ans. at 9-12).
3. Relief from this Court would be premature because Petitioner has failed to exhaust her remedies on appeal in immigration court. (Ans. at 12-17).

On August 22, Petitioner replied. (ECF No. 8). On October 7, 2025, Petitioner filed an ex parte application for a temporary restraining order, requesting the emergency relief of an order for release from custody or an individualized bond hearing within seven days. (ECF No. 14).

### III. Discussion

The application of 8 U.S.C § 1225(b)(2)(a)'s mandatory detention mechanism to an individual in Petitioner's position—a noncitizen already present for a substantial period of years or decades within the United States at the time of her detention—is the result of recent changes in policy guidance within the U.S. Department of Homeland Security ("DHS") and a corresponding precedential opinion from the Board of Immigration Appeals ("BIA"). (Pet. ¶ 4*); Matter of Jonathan Javier Yajure Hurtado, Respondent*, 29 I. & N. Dec. 216 (BIA 2025). Previously, such individuals were provided bond hearings as a matter of course. *See* 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) ("despite being applicants for admission, aliens who are present without having been admitted or paroled…will be eligible for bond and bond

:
_____   _____

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|
| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* | | |

redetermination"). As such, though the jurisdictional question may be resolved without much uncertainty under established case law (*see infra* III.A), there is a dearth of precedent to guide the Court's decision on the substance of this matter.

Moreover, the central issue on which resolution of this matter turns—whether Petitioner is subject to mandatory detention under 8 U.S.C § 1225(b)(2) or instead is entitled to a bond hearing under 8 U.S.C § 1226(a)—is a fraught question of statutory interpretation wherein the plain language in a relevant statutory provision and compelling dicta from the Ninth Circuit, 8 U.S.C § 1225(a)(1); *Torres v. Barr*, 976 F.3d 918, 927-28 (9th Cir. 2020), conflict directly with the broader statutory context, decades of established practice, and compelling, albeit somewhat ambiguous, dicta from the United States Supreme Court. *Nielsen v. Preap*, 586 U.S. 392, 395-97; (2019); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018); *id.* at 303.

However, this Court is in good company as it attempts to reconcile these apparent contradictions to determine the proper statutory interpretation. District courts nationwide have confronted this issue in recent months. *See, e.g. Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Hasan v. Crawford*, 2025 WL 2682255 (E.D. Va.); *Pizarro Reyes v. Raycraft*, 2025 WL 2609425 (E.D. Mich.); *Barrera v. Tindall*, 2025 WL 2690565 (W.D. Ky.); *Vazquez v. Feeley*, 2025 WL 2676082 (D. Nev.); *Barrajas v. Noem*, 2025 WL 2717650 (S.D. Iowa); *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz.). The outcomes of these cases have revealed a near-unanimous consensus that on these or comparable facts, 8 U.S.C § 1226(a) governs Petitioner's detention, and such a petition as is presently before the Court should be granted. *But see Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal 2025) (holding that the plain language and legislative history of 8 U.S.C.§ 1225 militated against granting a preliminary injunction to prevent its application to similarly situated petitioners).

Ultimately, while acknowledging the complexity of the statutory interpretation question particularly, this Court joins the overwhelming majority in its judgment, organizing its reasoning by addressing *first,* the jurisdictional question, and *second*, the statutory interpretation question. Having resolved the issue there, the Court does not include analysis of the additional counts in the petition.

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|

| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* |
|---|---|

A. The Jurisdictional Question

As discussed, *supra,* Respondents argue that a ruling on this petition is jurisdictionally barred by 8 U.S.C. § 1252(b)(9) and § 1252(g). Respondents' arguments are unavailing.

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, (*see* 8 U.S.C. §§ 1226(e), 1252(g)), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" *Martinez v. Clark*, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by 144 S. Ct. 1339 (2024). A habeas petition filed by someone in immigration custody seeking an individualized bond hearing "falls within the 'core of habeas.'" *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

8 U.S.C. § 1252(g), in pertinent part, provides: "except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

Although, at first blush, the phrase "arising from" appears to cover a broad array of decisions in removal proceedings, the Supreme Court has been unequivocal in its clarification that the range of challenges anticipated by the provision is actually "narrow." *See, e.g., Dep't of Homeland Sec. v. Regents Univ. of Calif.,* 591 U.S. 1, 19 (2020). As far back as 1999, in *Reno v. American-Arab Discrimination Comm.*, the Court found it "implausible" to interpret this provision so that the "mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (holding that § 1252(g) applies only to three discrete actions that the Attorney General may take: her "decision or action" to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." (Emphasis in original)).

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|

| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* |
|---|---|

This finding was reinforced in *Jennings v. Rodriguez*. 583 U.S. 281, 294 (2018) ("we did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing *Reno*, 525 U.S. at 482-83). The Ninth Circuit has recently reinforced this holding as well. *Ibarra-Perez v. United States*., __ F.4th __, 2025 WL 2461663, *7 (9th Cir. 2025) (quoting *Jennings*, 583 U.S. at 294). Here, as in *Jennings*, Petitioner's challenges denial of a bond hearing, not actions by Respondents in commencing removal proceedings, adjudicating cases, or executing removal orders. Therefore, § 1252(g) is not a jurisdictional bar.

Nor, for that matter, are 8 U.S.C. § 1252(a)(5) and § 1252(b)(9), which state, respectively and in pertinent part, "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter," and "judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States…shall be available only in judicial review of a final order."

Defining the purpose and scope of these provisions is unnecessary here. For our purposes, it is enough to say that it is well established that the jurisdiction-channeling provisions, 8 U.S.C. § 1252(a)(5) and § 1252(b)(9), "do[] not bar claims that are 'independent of or collateral to the removal process," such as Petitioner's claim before this Court. *Ibarra-Perez*, 2025 WL 2461663 at * 9 (quoting *J.E.F.M v. Lynch,* 837 F.3d 1026, 1032 (9th Cir. 2016)). The Supreme Court in recent years has twice addressed essentially this exact question, when faced with lawsuits where, as here, noncitizens were challenging mandatory detention without bond hearings. *Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Nielsen v. Preap*, 586 U.S. 392, (2019). In both cases, our highest Court found no jurisdictional bar. *See Nielson*, 586 U.S. at 402 ("nor are we stripped of jurisdiction by § 1252(b)(9) [because] respondents here are not asking for review of an order for removal [as opposed to the decision to deny them bond hearings]; and they are not even challenging any part of the process by which their removability will be determined.") (quoting *Jennings*, 583 U.S. at 294).

|  |  : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|

| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* |
|---|---|

Finally, we address the argument that this Court must wait to rule on this petition until Petitioner has exhausted all administrative remedies by appealing the denial of bond hearing to the BIA. True, a habeas petitioner seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But because the exhaustion requirement is not jurisdictional, it is subject to waiver. *Id*. at 1045-46; *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional."). In *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Ninth Circuit explained that prudential exhaustion may be required when three factors are present: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

First, agency consideration is not necessary to generate a record or reach a proper decision in this matter. While this Court defers to the agency's expertise as to the substantive, fact-based decision of granting or denying bond, this present question of statutory and constitutional interpretation does not require an appellate record developed by the BIA. *See Hernandez v. Sessions*, 872 F. 3d 976, 989 ("an administrative appellate record is not necessary to resolve ... purely legal questions"); *see also Loper Bright Enters. v. Raimondo,* 603 U.S. 369 (2024) (holding that the task of resolving statutory interpretation belongs to the independent judgment of the courts). Relaxation of the exhaustion requirement would also not encourage the deliberate bypass of the administrative scheme. In fact, this Court is persuaded by the argument made by other courts addressing this issue that resolving this underlying legal uncertainty will provide definitive guidance for future administrative proceedings, likely *decreasing* the number of future habeas petitions, thereby *reducing* bypass of the administrative scheme. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1252. Finally, appellate review by the BIA would not likely lead to self-correction. As discussed, *supra*, the present DHS policy guidelines and precedential BIA opinion in the *Matter of Jonathan Javier Yajure Hurtado* make the result of an administrative appeal all but certain and therefore unnecessary. *See* Hernandez, 872 F. 3d at 989 ("where the agency's position on the question at issue appears already set, and it is 'very likely' what the result of recourse to administrative remedies would be,

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|

| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* |
|---|---|

such recourse would be futile and is not required.") (citing *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)).

Considering that the Court has habeas jurisdiction of this matter, there is no statutory bar, and waiver of the prudential exhaustion requirement is appropriate, this Court's exercise of jurisdiction is proper.

B. The Statutory Interpretation Question

As discussed, *supra*, the central challenge embodied in Count One of the petition—that 8 U.S.C § 1225(b)(2)(a)'s mandatory detention mechanism is improperly applied to a long-term resident of the United States like Petitioner—is ultimately an issue of statutory interpretation. Furthermore, as mentioned *supra*, this Court entertains some ambivalence as to its resolution.

In a thorough review of recent district court dispositions addressing this issue, this Court reviewed the case *Echevarria v. Bondi,* 2025 WL 2821282 (D. Ariz.). This Court found the *Echevarria* order thoroughly persuasive and impressively concise in its articulation not only of the strength of the winning argument but also of its weaknesses. *Echevarria* was decided with a functionally identical posture and functionally identical facts as those presently before the Court. Rather than attempting to reconstruct a parallel articulation of our own and risk imprecision with an errant word, this Court therefore adopts and incorporates by reference the reasoning of *Echevarria*, in full, alongside its conclusion. *See id.* at * 4-10.

As such, this Court finds that 8 U.S.C § 1225(b)(2)(a) does not apply to Petitioner's detention. Rather, Petitioner is entitled to a bond hearing under 8 U.S.C § 1226(a) as a matter of statutory construction.

IV. Conclusion

For the foregoing reasons, Petitioner's habeas corpus petition is GRANTED as to Count 1. Accordingly, Respondents are ORDERED to provide Petitioner an individualized bond redetermination hearing before an immigration judge within 10 days or otherwise release her from custody under the same

:

| Initials of Preparer | DT |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06649-SVW-JPR | Date | October 10, 2025 |
|---|---|---|---|
| Title | *Emma Marcela Crespin De Paz v. Kristi Noem et al.* | | |

conditions that existed before her detention. Respondents are ORDERED to provide a Notice of Compliance within 7 days of providing Petitioner with a bond redetermination hearing. Petitioner's habeas corpus petition is DENIED AS MOOT without prejudice as to Counts 2 and 3. Petitioner's ex parte application for Temporary Restraining Order is likewise DENIED as moot.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | DT |